UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    No. 07-20563

          Plaintiff,                    District Judge Gerald E. Rosen
v.                                           Magistrate Judge R. Steven Whalen

FREDERICK BOWMAN,

          Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Frederick Bowman's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket #23], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

## I.    FACTUAL AND PROCEDURAL HISTORY

On September 17, 2008, Mr. Bowman pled guilty, pursuant to a Rule 11 plea agreement, to sending threatening communications, in violation of 18 U.S.C. § 876(c). At the time Mr. Bowman executed the written plea agreement, his Sentencing Guideline range, based on an Offense Level 14 and a Criminal History Category IV, was calculated at 21 to 27 months. The Criminal History Category was premised on only two prior convictions, both larcenies, one in 1993 and another in 2006. The worksheets attached to the Rule 11 Agreement [Doc. #13] noted, "at least 10 other larceny convictions too old to count." However, in preparing the presentence report, the Probation Department in fact assigned points for some of these "older" convictions, specifically those where Mr. Bowman had received sentences of more than a year and a month.[1] This raised the Criminal History Category from IV to VI, and resulted in a Guidelines range of 30 to 37 months. Mr. Bowman was sentenced within that advisory range, to a term of 36 months.

The Rule 11 Agreement that Mr. Bowman signed [Doc. #13] contained the following relevant provisions. Under ¶ 2(B), the government recommended a Guideline range of 21 to 27 months, but this paragraph also provided that "[t]he Court is not bound by either party's recommendation

---

[1] In total, Mr. Bowman had 19 prior convictions, dating to 1976.

concerning the guideline range, and defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation." In addition, ¶ 2(B) states that if the Court were to find "that defendant's criminal history category is higher than reflected on the attached worksheets...and if any such finding results in a guideline range higher than is recommended by the parties, then the higher guideline range becomes each party's recommended range."

Paragraph 3 of the Agreement provides that, pursuant to Fed.R.Crim.P. 11(c)1)(C), "the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range recommended by the government as described in Paragraph 2B."

Paragraph 6 provides that "[d]efendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement."

Paragraph 7 provides that "[i]f the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence."

Mr. Bowman raises the following arguments in this motion: (1) the Court violated *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by adding additional criminal history points for prior convictions that Mr. Bowman did not admit to in his Rule 11 Agreement; (2) the Court erroneously assigned criminal history points for sentences that were imposed more than 15 years before the commission of the charged offense; and (3) Mr. Bowman was denied the effective assistance of counsel because his lawyer did not tell him that he could not waive his constitutional right to appeal.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution.  "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. U.S.* 157 F.3d 427, 430 6th Cir. 1998) (internal quotation omitted); *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994).  To prevail under § 2255, a petitioner must demonstrate the existence of an error of

-2-

constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea, the jury's verdict or the sentence. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir.2003). However, "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States,* 334 F.3d 520, 527 -528 (6th Cir. 2003), *citing United States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

### III.   DISCUSSION
#### A.   *Booker* Violation

Mr. Bowman argues that because he did not concede the existence of the specific prior convictions that were used to increase his Criminal History Category in his written plea agreement, the Court violated *United States v. Booker, supra* in considering those convictions. He also appears to argue that the Court did not recognize the advisory, non-mandatory nature of the Sentencing Guidelines post-*Booker*.

In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court excepted prior convictions from the "facts" that the Constitution requires be proven to a jury or admitted in a guilty plea, stating " *Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added). Likewise, *Booker,* 543 U.S. at 244, held, "Accordingly, we reaffirm our holding in *Apprendi*: Any fact *(other than a prior conviction)* which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)). *See also United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005) ("[t]here is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury.").

Mr. Bowman did not challenge the existence of the prior convictions at sentencing, and he does not challenge their existence here. The Court did not err in considering those convictions in determining a Sentencing Guidelines range greater than that set forth in the Rule 11 Agreement.

Indeed, that Agreement anticipated the possibility that the Court might find "that defendant's criminal history category is higher than reflected on the attached worksheets," and provided that if that were the case, "then the higher guideline range becomes each party's recommended range."

Nor is there any indication in this record that the Court considered the Guidelines to be mandatory, rather than advisory, or in any way violated the strictures of *Booker*.

## B.   Miscalculation of Guidelines

Mr. Bowman argues that a prior conviction on which he was sentenced on December 27, 1989 was improperly used to increase his Criminal History Category because sentencing was imposed more than 15 years before the present offense.[2] In support, he cites the first sentence of U.S.S.G. § 4A1.2(e)(1), which states:

> "Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted."

However, Mr. Bowman fails to recognize that the second sentence of § 4A1.2(e)(1) provides:

> "Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."

According to the presentence report (which was not challenged), Mr. Bowman was released from confinement on the 1989 sentence on May 1, 1992. According to the factual basis for the plea, which was set forth in ¶ 1(C) of the Rule 11 Agreement, the present offense commenced in April of 2006, meaning that Mr. Bowman was incarcerated on the 1989 offense during part of the 15-year period beginning on May 1, 1992. There was no error in the Guidelines calculation.

## C.   Waiver of Appellate Rights

Without any citation of authority, Mr. Bowman argues, at p. 1 of his Memorandum in Support of his motion:

> "Petitioner also states that he was informed by the Court and his Attorney that under the Plea agreement he was giving up his rights to file an appeal, but his Counsel FAILED to inform him that <u>he cannot give up a CONSTITUTIONAL RIGHT</u> and

---

[2] If this conviction had not been considered, Mr. Bowman would have had 12, rather than 15 Criminal History points, placing him in Category V rather than Category VI.

therefore lays claim to ineffectiveness of counsel in the attached motion." (Emphasis and capitalization in original).

Mr. Bowman is wrong. "A defendant may waive any right, including a constitutional right, in a plea agreement so long as the waiver is knowing and voluntary." *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008). As *Coker* observed, the Sixth Circuit has "repeatedly enforced plea agreements waiving specific appellate rights...." *Id., citing United States v. Sharp*, 442 F.3d 946, 949, 952 (6th Cir. 2006); *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). Mr. Bowman does not claim that his waiver of appeal was not knowing and voluntary, and concedes that both his lawyer and the Court advised him that he was giving up that right.

### D.  Miscellaneous Issues

In his Reply Brief [Doc. #30], Mr. Bowman appears to raise two other issues. First, he argues that the Court erred in only allowing him a two-level reduction of the Offense Level for acceptance of responsibility, rather than a three-level reduction. He also claims that his lawyer never informed the Court of his poor health condition, including the amount of prescription drugs he was taking.

First, the Court cannot consider issues raised for the first time in a reply brief. *Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.,* 436 F.3d 662, 676 (6th Cir.2006) (a district court properly declines to consider an issue raised for the first time in a reply brief), *citing Sundberg v. Keller Ladder,* 189 F.Supp.2d 671, 682-83 (E.D.Mich.2002) (noting that "it is not the office of a reply brief to raise issues for the first time").

Moreover, these arguments are without merit. Mr. Bowman presents no facts or legal authority showing that the Court abused its discretion or otherwise acted contrary to law in assigning only a two-level reduction for acceptance of responsibility. In fact, he *agreed* to a two-level reduction in his Rule 11 Agreement.

As to his lawyer's alleged failure to alert the Court to Mr. Bowman's medical conditions, counsel's Motion for Variance from the Sentencing Guideline Range [Doc. #19] is replete with arguments based on his client's medical history, including his intense medication regimen. *Id.* 3-9.[3]

---

[3] For example, at p.3, counsel states that "medical records show that Mr. Bowman was suffering from severe pain, daily depression, narcotic addictions, and mental health issues." At.

## IV.   CONCLUSION

For these reasons, I recommend that the Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket #23] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

> s/R. Steven Whalen
> R. STEVEN WHALEN
> UNITED STATES MAGISTRATE JUDGE

Date: July 5, 2011

---

p.4, he describes numerous medical conditions, and states, "Additionally, Mr. Bowman has been on up to 15 prescription medications at any one time in an attempt to control his multiple physical and mental conditions as well as his chronic pain." At p.8, he states, "[Mr. Bowman] is only [*sic* on] more than a dozen current prescriptions to handle both the medical conditions and his chronic pain." Indeed, the whole tenor of the sentencing memorandum suggested that Mr. Bowman receive a non-custodial sentence to address his medical issues.

**CERTIFICATE OF SERVICE**

     I hereby certify on July 6, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 6, 2011: **Frederick Bowman.**

                        s/Michael E. Lang
                        Deputy Clerk to
                        Magistrate Judge R. Steven Whalen
                        (313) 234-5217